**UNITED STATES of America,**

v.

**Dexter HAZEL, Defendant.**

**No. CRIM.A. 96–0152–05 JR.**

United States District Court,
District of Columbia.

June 8, 2000.

James G. Flood, Assistant U.S. Attorney, Washington, DC, Counsel for United States.

Eugene Corbett Jr., U.S. Probation Officer, Christopher Michael Davis, Davis & Davis, Washington, DC, Counsel for Defendant Hazel.

*MEMORANDUM*

ROBERTSON, District Judge.

After entering a plea of guilty to a charge of conspiracy, 18 U.S.C. § 371, Dexter Hazel was sentenced to 12 months in a halfway house followed by two years of supervised release. His period of supervised release began on May 15, 1998 and was scheduled to expire on May 14, 2000. On February 16, 2000, defendant was arrested in Maryland for theft. On February 28, 2000, the Probation Officer lodged a formal "request for course of action," asking for a hearing on the apparent violation of the terms of defendant's supervised release. I granted that request the same day, by endorsement upon the "request for course of action." The specific prayer for relief in the request was that "the Court will order a hearing on violation of supervised release with voluntary appearance of Hazel, Dexter before the Court . . . ." The endorsement reads, "Order of Court. Considered and ordered this 28th day of February 2000."

The HOV (hearing on violation) was scheduled for March 17, 2000, but on that date it was continued, by consent of the parties, to June 6, 2000, because defendant's trial on the Maryland theft charge was scheduled for late May, and it seemed appropriate to let the HOV be informed by the results of that proceeding.

When defendant next appeared before the Court on June 6, 2000, the theft trial had been continued until a July date. At this point, however, defense counsel raised the question whether the Court any longer had jurisdiction to revoke defendant's supervised release, which was to have expired on May 14, 2000.

The Violent Crime Control and Law Enforcement Act of 1994, P.L. 103–322, added subsection (i) to 18 U.S.C. § 3583, the statutory provisions governing supervised release. That subsection provides:

"Delayed revocation. The power of the court to revoke a term of supervised release for a violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and ... a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration *if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.*"

No warrant was issued. The question is whether the order for a hearing on violation with a voluntary appearance was a "summons" within the meaning of § 3583(i).

The statutory provision for warrants or summonses, 18 U.S.C. § 3046, simply refers to Rules 4 and 9 of the Federal Rules of Criminal Procedure. Rules 4(c)(2) and 9(b)(2) provide that "[t]he summons shall be in the same form as the warrant except that it shall summon the defendant to appear before a magistrate judge *at a stated time and place.*" Rules 4(d) and 9(c) contain further provisions for the service and return of service of summonses.

It does not appear that a summons, or anything that could fairly be considered the functional equivalent of a summons, was issued or served in this case before the expiration of defendant's supervised release. Accordingly, it was my conclusion on the date set for hearing on violation, June 6, 2000, that I no longer had jurisdiction to conduct such a hearing. The defendant was accordingly advised that he had no further obligation to this Court.