**UNITED STATES of America,**
**Plaintiff,**

v.

**Ferlando HONDRAS, Defendant.**

**No. 00–CR–164.**

United States District Court,
E.D. Wisconsin.

Nov. 20, 2001.

Stephanie G. Rothstein, Special Assistant U.S. Attorney, U.S. Attorney's Office, Eastern District of Wisconsin, for Plaintiff.

Robert J. Dvorak, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

ADELMAN, District Judge.

The issue before me is the timeliness and adequacy of an arrest warrant issued to revoke a federal defendant's supervised release.

## I. FACTUAL BACKGROUND

In March 1993, defendant Ferlondo Hondras was sentenced in the United States District Court for the Northern District of Alabama to a 36–month term of imprisonment, to be followed by a 5–year term of supervised release. The record before me in this case, surprisingly, does not indicate when Hondras was released from imprisonment, and thus does not allow me independently to determine when his 5–year supervised release term was due to expire. Nonetheless, the parties appear to agree, and Hondras does not dispute, that his term of supervised release was scheduled to expire April 20, 2001. I will therefore assume this to be true.

On April 17, 2001, three days before Hondras's supervised release term was due to end, a U.S. Probation Officer for this district filed a petition for an arrest warrant to be ordered, alleging that Hon-

dras had violated the terms of his supervised release.[1] I signed the requested order the following day, on April 18. Two days later, on the final day of supervised release, April 20, 2001, an arrest warrant was issued. This warrant was signed by a Deputy Clerk on behalf of the Clerk of Court.

## II. STANDARD OF DECISION

Supervised release is governed by 18 U.S.C. § 3583. Subsection 3583(e)(3) provides that supervised release may be revoked if the court finds that the defendant violated a condition of supervised release. Subsection 3583(g)(1) provides that if the defendant possesses a controlled substance in violation of the conditions of supervised release, revoking the defendant's supervised release term is mandatory.

■ After the term of supervised release has expired, the court may nonetheless revoke the defendant's supervised release, provided that before the supervised release term expired, "a warrant or summons has been issued on the basis of an allegation" that the releasee violated a condition of supervised release. 18 U.S.C. § 3583(i). Whether a valid and timely warrant has been issued is jurisdictional. *United States v. Naranjo*, 259 F.3d 379, 381–82 (5th Cir.2001).

## III. DISCUSSION

■ I accept Hondras's first contention, namely, that neither the April 17, 2001 petition to order an arrest warrant, nor my April 18 order that ordered that a warrant be issued, did anything to extend the power of the court to revoke his supervised release. In *United States v. Crusco*, No. 90 CR 945 JES, 2000 WL 776906, 2000 U.S. Dist. LEXIS 8236 (W.D.N.Y. June 15, 2000), the Department of Probation re-

quested a summons on April 20, 2000, and the district judge signed the request and authorized the issuance of a summons on April 25. Nonetheless, no summons was issued, and the releasee's term of supervised release expired on May 4. The court held that it had no jurisdiction to revoke his supervised release, on the ground that a petition for a warrant or summons does not extend the court's jurisdiction, and the judge's signing such a petition is not the same as issuing a warrant and thus also does not extend the court's jurisdiction. *Crusco*, 2000 WL 776906, at *2. *See also United States v. Rivard*, 127 F.Supp.2d 512, 516 n. 10 (D.Vt.2000) (citing *Crusco* for the proposition that "where no summons or warrant has issued before the expiration of the supervised release period, the court does not have jurisdiction to hear claims of such violations").

■ I reject Hondras's second argument, which is that the arrest warrant, issued on the last day of his supervised release, was issued a day too late to extend the court's power to revoke his supervised release. Section § 3583(i) provides that the court's jurisdiction is extended beyond the term of supervised release so long as, "before its expiration, a warrant or summons has been issued." Hondras does not dispute that his term of supervised release extended through April 20, and I find that because the warrant was issued before the end of April 20, it was issued timely.

Hondras's final argument is that even if the arrest warrant was timely issued, it was not valid, because a warrant issued to arrest a person on supervised release must be signed by a judge, and cannot be signed by a Clerk of Court.

---

1. Under the terms of his plea agreement in *United States v. Hondras*, No. 01–CR–077 (E.D. Wis. sentencing Nov. 14, 2001), there is no doubt that Hondras did in fact violate the conditions of his supervised release.

Section 3583(i) merely states in the passive voice that the court's power to revoke supervised release is extended if a warrant "has been issued"; sub-section (i) is silent as to who is to issue the warrant. Title 18, section 3606 provides that "[t]he court having supervision of the probationer or releasee ... may issue a warrant for the arrest of a probationer or releasee for a violation of a condition of release." Thus, only "the court" has the power to issue an arrest warrant for a releasee. The question is therefore whether the Clerk of Court may issue an arrest warrant on behalf of "the court" under § 3606, or whether a judge must personally sign the arrest warrant.

There appears not to be any caselaw on this question. A constitutional issue lurks in the background; the Fourth Amendment provides that, "no Warrant shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. 4. Section 3606 requires probable cause before "the court" issues an arrest warrant, but is silent as to who must make the probable cause determination before the warrant is issued.

The Federal Rules of Criminal Procedure provide two different mechanisms by which a warrant or summons may be issued at the start of a criminal case. Under Rule 4(c), a magistrate judge must sign the arrest warrant or summons in a case brought by complaint; by contrast, Rule 9(a) requires "the court" to issue a warrant or summons in cases brought by information or indictment, and Rule 9(b) specifies that in such cases, the warrant or summons "shall be signed by the clerk."

▮ It appears that the distinction between Rules 4 and 9 lies in the probable cause determination. Before a magistrate judge may issue an arrest warrant or a summons upon a complaint under Rule 4(c), he or she must first make a probable cause finding under Rule 4(a). An indict-ment may issue only upon the grand jury's finding of probable cause. *United States v. Calandra*, 414 U.S. 338, 343, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). "An information differs from an indictment in that the accusatory pleading comes directly from the United States Attorney, and on his authority, rather than from the grand jury." 1 Charles Alan Wright, *Federal Practice & Procedure* § 121 at 521 (3d ed.1999). Although an information may be filed without leave of court, under the final sentence of Rule 7(a), Rule 9(a) specifically provides that a warrant shall be issued in the case of an information only if the information is "supported by a showing of probable cause under oath as is required by Rule 4(a)." Thus, although Rule 9(b) does authorize a clerk to issue the warrant in cases brought by indictment or information, indictments are issued only upon a grand jury's probable cause determination, and the clerk may issue a warrant upon an information only if the information is supported by a showing of probable cause under oath.

▮ In this case, the U.S. Probation Officer petitioned the court to order that a warrant be issued. The petition recited various facts tending to establish probable cause to believe that Hondras had violated the terms of his supervised release. By signing the petition and directing that an arrest warrant be issued, I signified that I found that there was probable cause to support a warrant. I now find that this level of judicial involvement in the probable cause determination is ample to safeguard the Constitution's requirement that a warrant may issue only upon probable cause. I moreover find that the requirements under § 3606—that a warrant be issued only upon probable cause and that "the court" issue the warrant—are satisfied when a judge makes a probable cause determination and authorizes or orders

that a warrant be issued. Accordingly, I find that the arrest warrant issued by the Deputy Clerk on behalf of the Clerk of Court in the present case was a valid exercise of the court's power under § 3606.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant Ferlando Hondras's motion to quash warrant for arrest (R. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that **SENTENCING** is set for Hondras's revocation for **1:30 p.m., Friday, December 14, 2001.**