OPINION OF THE COURT
VANASKIE, Circuit Judge.
At issue on this appeal is whether a District Court has jurisdiction to revoke supervised release when neither an arrest warrant nor a summons concerning an alleged violation of supervised release was *81 issued before the term of supervised release expired. We hold that 18 U.S.C. § 3583® is a jurisdictional statute requiring that a warrant or summons must issue before the expiration of supervised release in order for a District Court to conduct revocation proceedings. Because the summons in this matter was issued after the termination of supervised release, we conclude that the District Court lacked subject-matter jurisdiction to revoke supervised release. Accordingly, we will vacate the District Court’s order revoking supervised release and imposing a prison term on Appellant Joseph Merlino.
I.
Section 3583® of Title 18 of the United States Code provides:
Delayed revocation. — The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment ... extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.
Id. (emphasis added). We must consider the meaning of this statutory provision in the following context.
Merlino, the reputed former head of the Philadelphia La Cosa Nostra, commenced a three-year term of supervised release on September 7, 2011. On June 18, 2014, law enforcement observed Merlino at a cigar bar in Boca Raton, Florida, conversing with several convicted felons, including John Ciancaglini, one of Merlino’s former co-defendants. The Probation Office concluded that this contact violated the terms of Merlino’s supervised release. Over two months later, on August 26, Merlino’s probation officer presented a revocation petition to the District Court.
On September 2, the District Court ordered the issuance of a summons directing Merlino to appear for a revocation hearing. Either later that day or the following day, a deputy clerk called defense counsel in an effort to secure a mutually agreeable hearing date for the parties. Defense counsel, citing work obligations and an upcoming 'medical procedure, stated that he expected to be unavailable until December. The Government informed the deputy clerk that it was “reluctant” to accommodate any substantial delay. App. 72. In response, defense counsel asked the deputy clerk “to wait until the end of the following week to set a date” in the hope that he could clear his schedule. Id. The deputy clerk relayed this request to the District Court judge, who assented. On September 11, defense counsel informed the clerk that he could be available in October. On September 16, the clerk issued a “notice of hearing” summoning Merlino for a revocation hearing on October 10.[1]
On October 6, defense counsel notified the District Court of his belief that the Court lacked jurisdiction over the revocation proceedings because no warrant or summons had issued before the expiration of Merlino’s term on September 6, 2014. At a hearing on the jurisdictional contest, *82 the deputy clerk who had spoken to counsel testified that, absent counsel’s request for a delay, the notice of hearing would have issued on September 2 or 3, before the expiration of supervised release. On that basis, the Court concluded that the deadline in § 3583(i) had been equitably tolled, such that the notice filed on September 16 was timely.
On October 24, the District Court conducted a revocation hearing and found that Merlino had violated the terms of his release by associating with Ciancaglini. The Court sentenced Merlino to four additional months’ imprisonment, which Merlino began serving on January 15, 2015. He timely appealed.
II.
The District Court claimed jurisdiction to revoke supervised release under 18 U.S.C. § 3583(i). We have jurisdiction under 28 U.S.C. § 1291. Our review of jurisdictional issues is plenary. United States v. Sczubelek, 402 F.3d 175, 178 (3d Cir. 2005).
III.
A.
The overarching question presented here is whether the District Court, on these facts,’ had' subject-matter jurisdiction to hold a revocation hearing when no warrant or summons was issued prior to the expiration of Merlino’s supervised release. We begin with the principle that “[fjederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.” Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). In this matter, the pertinent congressional enactment states that “[t]he power of the court to revoke a term of supervised release ... extends beyond the expiration of the term of supervised release ... if, before its expiration, a warrant or summons has been issued----” 18 U.S.C. § 3583(i). This language is clear, and unequivocal. Read literally, a warrant or summons must issue before a term of supervised release expires in order for the District Court to exercise its authority to revoke supervised release. The District Court, evidently acknowledging the import of this condition, nevertheless found that § 3583(i) was subject to “equitable tolling.” We disagree, and to explain why we hold that the timely issuance of a summons or warrant is jurisdictional, some historical context is in order.
B.
In 1948, Congress provided that, prior to the expiration of the maximum five-year period of probation, the district court had the authority to “issue a warrant for [the probationer’s] arrest for violation of probation occurring during the probation period.” 18 U.S.C. § 3653 (repealed 1987). Once the probationer was arrested on the warrant, he was to be taken before the court “as speedily as possible,” after which the court had the authority to conduct revocation proceedings. Id. Over time, several federal circuits addressed the question of whether a federal district court retained subject-matter jurisdiction when a probationer allegedly violated the terms of probation shortly before the expiration date, thus requiring the revocation hearing to occur after the term’s expiration. Our own view was that so long as the probationer was produced before the district court “[a]s speedily as possible after arrest” in accordance with § 3653, we saw no good reason “why a court should arbitrarily lose jurisdiction ... when the alleged probation violation took place within [the *83 five-year probation window] and the probationer was formally notified within that period that the Government would seek to revoke his probation.” United States v. Bazzano, 712 F.2d 826, 835 (3d Cir.1983).
Although our sister circuits unanimously agreed that Congress could not have intended for district courts to abruptly lose jurisdiction over already initiated revocation proceedings at the expiration of the five-year window, varying standards emerged as to the precise triggering event for continuing jurisdiction. For our part, we required that “formal revocation proceedings [be] commenced (by arrest warrant or otherwise) within the five-year period.” Id. The Fourth, Seventh, and Eleventh Circuits identified the trigger as the Government’s filing of the revocation petition prior to the term’s expiration. See United States v. Barton, 26 F.3d 490, 491-92 (4th Cir.1994); United States v. Schimmel, 950 F.2d 432, 436 (7th Cir. 1991); United States v. O’Quinn, 689 F.2d 1359, 1360-61 (11th Cir.1982). The Eighth Circuit found jurisdiction even where no revocation petition had been filed and no arrest warrant had issued, but the probationer consensually appeared before the district court prior to the expiration of his term. United States v. Strada, 503 F.2d 1081, 1083 (8th Cir.1974).
In 1994, Congress amended 18 U.S.C. § 3583 to make clear that the exercise of judicial authority over supervised releasees depended upon the issuance of a warrant or summons while the releasee was still under supervision.[2] According to an “Explanation of Provisions” included in the Congressional Record, § 3583® “provides] continued court jurisdiction to adjudicate alleged supervised release violations and revoke supervised release” after its expiration. 137 Cong. Rec. S7769 (1991). And in the view of the Second Circuit, “the most likely purpose of the amendment was to make absolutely clear Congress’ earlier intention that sentencing courts have the authority to hold hearings to revoke or extend supervised release after expiration of the original term if they issue a summons or warrant during the release period.” United States v. Morales, 45 F.3d 693, 701 (2d Cir.1995). See also Sczubelek, 402 F.3d at 179.
C.
We now turn to the Government’s argument that §,3583® is subject to equitable tolling because it is not a jurisdictional provision. We assess this position in light of Dolan v. United States, 560 U.S. 605, 610, 130 S.Ct. 2533, 177 L.Ed.2d 108 (2010), in which the Supreme Court provided guidelines for the classification of federal statutory deadlines, the consequences' for noncompliance with such deadlines, and the availability of tolling. The Dolan framework divides federal statutory deadlines into three broad categories, based in large part on the “statutory language, [ ] the relevant context, and [ ] what they reveal about the purposes that a time limit is designed to serve.” Id. First, the Court acknowledged that certain deadlines are “jurisdictional,” in the sense that they “prevent!] the court from permitting or taking the action to which the statute attached the deadline. The prohibition is absolute. The parties cannot waive it, nor can a court extend that deadline for equitable reasons.” Id. See, e.g., Bowles v. Russell, 551 U.S. 205, 208-14, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (no equitable relief for defendant who missed appellate filing deadline in reliance on district *84 court’s erroneous order). Second, the Court identified procedural “claims-processing” rules that “do not limit a court’s jurisdiction, but rather regulate the .timing of motions or claims brought before the court. Unless a party points out to the court that another litigant has missed such a deadline, the party forfeits the deadline’s protection.” Dolan, 560 U.S. at 610, 130 S.Ct. 2533. And third, the Court characterized some deadlines as “time-related directive[s]” that are “legally enforceable but do[ ] not deprive a judge or other public official of the power to take the action to which the deadline applies if the deadline is missed.” Id. at 611, 130 S.Ct. 2533.
Dolan itself concerned the repercussions of noncompliance with 18 U.S.C. § 3664(d)(5), which provides a deadline for restitution orders in the context of criminal sentencing. The Court held that “a sentencing court that misses the 90-day deadline nonetheless retains the power to order restitution — at least where, as here, the sentencing court made clear prior to the deadline’s expiration that it would order restitution.... ” Id. at 608, 130 S.Ct. 2533. The Court cited the fact that the rule “does not specify a consequence for noncompliance with its timing provisions,” and noted that characterizing the statute as jurisdictional would undermine its remedial purpose, which was to assure that criminal defendants pay restitution to victims. Id. at 611-14,130 S.Ct. 2533.
The Government argues that here, like in Dolan, (1) the relevant rule fails to specify consequences for noncompliance, and (2) strict enforcement would defeat the purpose of the statute, which is, in the Government’s view, “to assure the defendant’s proper compliance and accountability through the complete period of supervised release.” Gov. Br. at 31. And the Government further suggests that strict construction of the rule would result in “absurd” consequences such as windfalls to defendants who violate the terms of their release immediately prior to its expiration. Gov. Br. at 32-33 (citing United States v. Brown, 333 U.S. 18, 27, 68 S.Ct. 376, 92 L.Ed. 442 (1948) (“No rule of construction necessitates our acceptance of an interpretation resulting in patently absurd consequences.”)).
Section § 3583(i) is noteworthy, however, insofar as it does not merely set a deadline — it expressly authorizes a grant of “power” to the district court and conditions the existence of that power on a specific and minimally onerous event. See Landgraf v. USI Film Prods., 511 U.S. 244, 274, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (“[Jjurisdictional statutes ‘speak to the power of the court rather than to the rights or obligations of the parties.’ ” (quoting Republic Nat’l Bank of Miami v. United States, 506 U.S. 80, 100, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992) (Thomas, J., concurring))). The plain language of the statute, then, compels the conclusion that the deadline is jurisdictional.[3]
This conclusion is bolstered by the strict application of § 3583(i) by other federal courts. In United States v. Janvier, for instance, the district court ordered the issuance of a warrant on the defendant’s final day of supervised release, but the warrant was not issued until two days after the expiration of the term. 599 F.3d 264, 265-69 (2d Cir.2010). The Second Circuit found irrelevant the fact that the Government had made unsuccessful efforts to obtain a warrant within the term. And *85 another district court reached the same outcome on facts nearly identical to those presented here. See United States v. Hazel, 106 F.Supp.2d 14, 14-15 (D.D.C.2000). There, as here, the district court ordered the issuance of a summons before expiration of supervised release, and defense counsel discussed a hearing date with the clerk before expiration of supervised release, but the summons was ultimately issued only after the expiration of supervised release.[4]
The Government offers no basis on which to distinguish Janvier and Hazel, and submits that they were decided incorrectly. Instead, like the District Court, it relies on United States v. English, 400 F.3d 273 (5th Cir.2005). In that case, prior to the expiration of the defendant’s supervised release, the district court inadvertently issued a defective warrant bearing the wrong defendant’s name. The Fifth Circuit invoked the Supreme Court’s admonition in Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), that equitable tolling is appropriate “in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period.” English, 400 F.3d at 275. ■ But despite phrasing its holding in terms of equity, the panel ultimately emphasized that “[m]ost importantly, as in Irwin, the defective document, along with the petition and the order, were filed before the statutory period had expired.” Id. at 276. We thus read English as a recognition that even a warrant containing a technical error may satisfy § 3583(i)’s mandate only so long as that warrant is issued prior to the statutory deadline.
Nor are we persuaded by the Government’s suggestion that strict application of § 3583® will result in routine windfalls to opportunistic criminal defendants. As noted by the Second Circuit in Janvier, the Government could have satisfied its minimal burden here in a variety of ways— most notably by seeking a summons earlier, but also by asking the court to issue a summons with a control date, i.e., a date on which the parties briefly appear and agree upon further scheduling. Tellingly, there is no evidence in the record that any governmental actor brought the approaching deadline to the Court’s attention at any relevant time. The fact that the Government is a sophisticated and repeat player in these interactions, however, comforts us that the failure to meet the statutory deadline exhibited in this case will be an isolated occurrence.
Finally, we must address the occasional reference in our case law to the notion that a district court’s jurisdiction over revocation proceedings stems not only from § 3583®, but also from the broader grant of jurisdiction in 18 U.S.C. § 3231 over “all offenses against the laws of the United States.” See, e.g., United States v. Williams, 369 F.3d 250, 252 (3d Cir.2004) (noting that the district court had jurisdiction over revocation proceedings under § 3231 and “more specifically” under § 3583®). On this theory, one might suggest that § 3583® imposes a “mandatory but nonjurisdictional” barrier to the exercise of the District Court’s power to impose sanctions for a violation of supervised *86 where a warrant or summons is not issued prior to the expiration of release. Gonzalez v. Thaler, — U.S.-, 132 S.Ct. 641, 656, 181 L.Ed.2d 619 (2012). Although courts have a duty to enforce á mandatory nonjurisdictional rule when it is properly and timely invoked, application of such rules may be waived, Eberhart v. United States, 546 U.S. 12, 17-18, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam), and they are subject to a rebuttable presumption of equitable tolling, Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). For all of the aforementioned reasons, however— including the plain language of the statute, its historical context, and the weight of the case law applying it — we conclude that § 3583(i) is in fact jurisdictional and thus not subject to equitable tolling.
IV.
The Government argues that the District Court’s order directing the issuance of a summons, taken in combination with notice to Merlino’s counsel, satisfied § 3583(i)’s requirement that “a warrant or summons [be] issued.” The United States Code does not define “summons” for purposes of § 3583, although the term is defined elsewhere in the context of federal criminal proceedings. For instance, the Code’s general guidelines pertaining to “Arrest and Commitment” direct the reader to Federal Rules of Criminal Procedure 4 and 9. See 18 U.S.C. § 3046. Rule 4 states that a summons on a criminal complaint “must be in the same form as a warrant except that it must require the defendant to appear before a magistrate judge at a stated time and place.” Fed. R.Crim.P. 4(b)(2). A warrant on a criminal complaint must:
(A)contain the defendant’s name or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty;
(B) describe the offense charged in the complaint;
(C) command that the defendant be arrested and brought without unnecessary delay before a magistrate judge or, if none is reasonably available, before a state or local judicial officer; and
(D) be signed by a judge.
Id. 4(b)(1). Where founded on a criminal indictment or information, both documents must be signed by the clerk. Id. 9(b).
Although these definitions lack controlling weight in this context, see, e.g., United States v. Bernardine, 237 F.3d 1279, 1281 n. 1 (11th Cir.2001), they reaffirm that a summons traditionally is a document afforded special weight due to its role in the formal initiation of both civil and criminal proceedings. See, e.g., Black’s Law Dictionary 1665 (10th ed.2014) (defining summons as a “writ or process commencing the plaintiffs action and requiring the defendant to appear and answer”); Batten-tine’s Law Dictionary 1238 (3d ed.1969) (defining summons as “original process upon a proper service of which an action is commenced and the defendant therein named brought within the jurisdiction of the court”).
To repeat, the Government’s position is that the September 2 order directing the issuance of a summons, which was served electronically on counsel, functionally served as a summons: it put Merlino on notice of his obligation to appear, and did so prior to the expiration of the term of supervised release. But crucially, the September 2 order fails to meet even the textbook definition of a summons because it does not “requir[e] the defendant to appear and answer.” Black’s Law Dictionary 1665. Because the order only authorized the issuance of a summons, and did not issue a summons on its own, Merli *87 no would have never been legally “requir[ed] ... to appear and answer” absent the September 16 summons (which issued only after the expiration of supervised release).
Nor do we find it particularly relevant that Merlino’s counsel learned of the revocation proceedings by telephone prior to the statutory deadline because § 3583(i) permits jurisdiction only “if ... a summons ... has been issued.... ” “Issue,” in turn, means “[t]o be put forth officially.” Black’s Law Dictionary 960. We cannot conclude that a deputy clerk’s informal communication with counsel, even taken in conjunction with the District Court’s order that a summons be issued, is the functional equivalent of the “issuance” of a “summons” in this context.[5]
Moreover, every court to have considered this argument has rejected it. See Janvier, 599 F.3d at 268 (order to issue a warrant not sufficient under § 3583(f)); United States v. Hondras, 176 F.Supp.2d 855, 857 (E.D.Wis.2001) (same); United States v. Hazel, 106 F.Supp.2d 14, 15 (D.D.C.2000) (order to set a revocation hearing with voluntary appearance not sufficient under § 3583(i)). In particular, we find the Second Circuit’s justification for its holding convincing:
[T]o adopt the government’s argument would be to rewrite the statute to say something that it does not say because we or the government think the revised version would be preferable. The language of the statute ... is simply inconsistent with this approach. The statute states that the extension of jurisdiction occurs when “a warrant or summons has been issued,” clearly referencing the issuance of a warrant as an action that has been perfected. The order of the district court, in contrast, merely directed “[t]he [ijssuanee of a [wjarrant,” clearly contemplating the issuance of the warrant as an act ordered to occur at some future time. By its own terms, the order does not issue a warrant; it directs someone else to issue one. That order was not carried out until two days later, after the expiration of Janvier’s term of supervised release.
Janvier, 599 F.3d at 268 (emphasis in original).
Our dissenting colleague, despite agreeing that § 3583(f) is jurisdictional, makes a somewhat different argument from the Government: she contends that “an affirmative act of the court to gather the parties to address the alleged violation of its judgment” may satisfy § 3583(i) where such act was “functionally equivalent to and served the purpose of a summons.” Dissent at 4-5. But we are mindful that “statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction.” Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1067 (5th Cir.1984); F & S Constr. Co. v. Jensen, 337 F.2d 160, 161 (10th Cir.1964). Adoption of a “functional *88 equivalence” test here would signal a return to the amorphous jurisdictional practices exemplified by the case law predating § 3583(i). Like the Second Circuit, we are unwilling to “contemplate strained readings that would blur the bright line provided by Congress,” particularly “[gjiven the ease with which the statute can be satisfied.” Janvier, 599 F.3d at 268. In sum, we reject the argument that anything other than the formal issuance of a warrant or summons can satisfy the mandate of § 3583(i).[6]
V.
Because the jurisdictional deadline described in § 3583(i) is not subject to equitable tolling, and because no warrant or summons was issued prior to the expiration of Merlino’s term of supervised release on September 6, 2014, we conclude that the District Court lacked subject-matter jurisdiction over Merlino’s revocation proceedings. Accordingly, we will vacate the District Court’s order of October 24, 2014.

. Specifically, the notice stated:
TAKE NOTICE, That Petition of the Probation Officer, a copy of which is attached, charges you with certain violation[s] which may warrant revocation of your supervised release. You are directed to appear at the United States Courthouse ... on Friday, October 10, 2014, at 10:00 a.m. in Courtroom 8-A, at which time you will be given a hearing on the charges....
Supp. App. 2 (emphasis omitted).

. A nearly identical provision provides for continuing jurisdiction over violations of federal probation. See 18 U.S.C. § 3565(c).

. The Government conceded at oral argument that there is some temporal limitation on a district court’s jurisdiction over a supervised release. Specifically, it agreed that a district court would not have authority to conduct revocation proceedings if a revocation petition was not filed until after the expiration of supervised release.

. Many other courts have likewise referred to § 3583(f) as “jurisdictional.” See, e.g., United States v. Juarez-Velasquez, 763 F.3d 430, 433, 436 (5th Cir.2014); United States v. Hacker, 450 F.3d 808, 814-15 (8th Cir.2006); United States v. Ortiz-Hernandez, 427 F.3d 567, 579-80 (9th Cir.2005) (per curiam). The same is true of the supervised release cases that predated § 3583(i). See, e.g., United States v. Morales, 45 F.3d 693, 696, 701-702 (2d Cir. 1995); United States v. Barton, 26 F.3d 490, 491 (4th Cir. 1994); United States v. Neville, 985 F.2d 992, 994, 999 (9th Cir. 1993).

. The Government attaches great significance to the fact that Merlino was placed on notice of the revocation proceedings prior to the expiration of the statutory deadline. Section 3583(i), however, does not speak in terms of "notice.” Instead, it turns on “issu[ance].” To wit, the issuance of a warrant or summons, even if not executed or served upon the releasee prior to the expiration of release, satisfies § 3583(i). See, e.g., United States v. Ramos, 401 F.3d 111, 116-18 (2d Cir.2005). In other words, the plain language of § 3583(i) gives no indication that notice plays any role in determining whether the deadline has been satisfied in a given case. By this, of course, we do not mean to overlook the separate and unrelated requirement that any delay between the issuance of a warrant, its eventual execution, and conclusion of the revocation proceedings be "reasonably necessary.” 18 U.S.C. § 3583(i).

. Merlino also argues that the evidence presented at the violation hearing was insufficient to support the District Court’s conclusion that he "associated with” a convicted felon in violation of the conditions of his supervised release. Because we are vacating the District Court’s order on jurisdictional grounds, we will not address this argument.