RENDELL, Circuit Judge, dissenting:
 

 The Majority opinion focuses on the goals of supervised release and concludes that tolling for fugitives from supervised release is appropriate. I believe this is
 incorrect for two reasons. First, the proper focus should be on the plain language of
 
 18 U.S.C. § 3583
 
 (i), which states that the court has the power to extend the term of supervised release only when a warrant is issued prior to the expiration of the term of supervised release. Second, two precedential opinions of this court-
 
 United States v. Merlino
 
 and
 
 United States v. Cole
 
 -should lead us to conclude that tolling does not apply. Thus, tolling does not apply and the District Court was without the power to extend the term of Island's supervised release based upon tolling.
 

 Section 3583(i) grants the court the power to extend supervised release "beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation."
 
 18 U.S.C. § 3583
 
 (i). By its plain language, a court has the power to adjudicate matters
 
 after
 
 the expiration of supervised release
 
 if
 
 a warrant or summons had been issued
 
 before
 
 the expiration of supervised release. There is no dispute that the District Court here issued the warrant
 
 after
 
 the technical term of supervised release expired. When faced with a similar issue we held in
 
 United States v. Merlino
 
 that § 3583(i) is "in fact jurisdictional," and thus cannot be equitably tolled.
 
 785 F.3d 79
 
 , 86 (3d Cir. 2015). I suggest that, in light of the express statutory directive of § 3583(i) and our opinion in
 
 Merlino
 
 , the Majority's holding that "a supervised release term tolls while a defendant is of fugitive status" is wrong. Maj. Op. at 254.
 

 In addition, Congress did incorporate tolling under
 
 18 U.S.C. § 3624
 
 (e) for periods of imprisonment,
 
 [1]
 
 but has not incorporated tolling for fugitive status. We must determine whether Congress' silence regarding tolling for supervised release is evidence of its intent to preclude or include tolling for fugitive status.
 
 See, e.g.,
 

 Coffelt v. Fawkes
 
 ,
 
 765 F.3d 197
 
 , 202 (3d Cir. 2014) (quoting
 
 Burns v. United States
 
 ,
 
 501 U.S. 129
 
 , 136,
 
 111 S.Ct. 2182
 
 ,
 
 115 L.Ed.2d 123
 
 (1991) ) (considering "textual and contextual evidence" to resolve congressional silence). The expression of one exception is often, but not always, evidence of the exclusion of other exceptions.
 
 See
 

 Marx v. General Rev. Corp.
 
 ,
 
 568 U.S. 371
 
 , 381,
 
 133 S.Ct. 1166
 
 ,
 
 185 L.Ed.2d 242
 
 (2013) ("The force of any negative implication, however, depends on context.") (citing
 
 expressio unius est exclusio alterius
 
 ).
 
 Expressio unius
 
 applies if it is "fair to suppose that Congress considered the unnamed possibility and meant to say no to it."
 

 Id.
 

 (quoting
 
 Barnhart v. Peabody Coal Co.
 
 ,
 
 537 U.S. 149
 
 , 168,
 
 123 S.Ct. 748
 
 ,
 
 154 L.Ed.2d 653
 
 (2003) ). In essence, if Congress incorporated an exception to a rule, and in doing so would have considered other exceptions, but failed to include them, then we should presume Congress intended to exclude them.
 

 That is the case here. Section 3624 is an express exception to § 3583. At a minimum, § 3624 is evidence that Congress considered tolling, and nonetheless only found imprisonment to be an adequate justification. More telling is that, as the First Circuit noted, "the Sentencing Reform Act of 1984, which ... codified prior case law that provided for tolling when a probationer was imprisoned for another offense, [ ] made no similar reincorporation of prior case law" for fugitive status.
 

 United States v. Hernandez-Ferrer
 
 ,
 
 599 F.3d 63
 
 , 68 (1st Cir. 2010).
 
 [2]
 
 "If Congress had wanted to authorize tolling when an offender absconds from supervision, we believe that it would have said so."
 

 Id.
 

 We have reasoned similarly and reached the same conclusion in the deportation context. In
 
 United States v. Cole
 
 , we held that the District Court plainly erred when it ordered the defendant's supervised release be tolled during the period he is removed from the country.
 
 567 F.3d 110
 
 , 117 (3d Cir. 2009). The Majority contends that the fugitive tolling doctrine "follows readily from our existing law," Maj. Op. at 254, since "
 
 Cole
 
 confirms a defendant cannot profit from his own misdeeds," Maj. Op. at 255. Far from confirming the fugitive tolling doctrine, in
 
 Cole
 
 we reasoned appropriately, and contrary to the Majority, that if tolling has not been provided for, it is not authorized: "Congress has provided for an exception to this rule in only one situation: where the defendant is imprisoned for more than 30 days for another conviction ... the canon of
 
 expressio unius est exclusio alterius
 
 suggests that where Congress has explicitly allowed for tolling only when the defendant is imprisoned on another charge, it does not intend for district courts to toll supervised release under any other circumstance."
 
 Cole
 
 ,
 
 567 F.3d at 114-15
 
 . The fact that tolling for fugitive status, as opposed to tolling for deportation, is a "traditional principle," Maj. Op. at 256 (quoting
 
 United States v. Barinas
 
 ,
 
 865 F.3d 99
 
 , 109 (2d Cir. 2017) ), makes it
 
 more
 
 , not less, likely that it would have been contemplated and incorporated by Congress.
 

 While the Majority suggests that defendants would receive a windfall without a tolling provision, the opportunity to benefit from absconding is small. "If an offender absconds before the expiration of his supervised release term, he will not do so with impunity."
 
 Hernandez-Ferrer
 
 ,
 
 599 F.3d at 69
 
 . As long as the Government issues a warrant before the expiration of the term of supervised release, it may extend the term of supervised release "for any period reasonably necessary for the adjudication of matters arising before its expiration[.]"
 
 18 U.S.C. § 3583
 
 (i). And because absconding from supervision is, on its own, grounds to revoke supervision, there is little excuse for the Government failing to issue a timely warrant in most circumstances. Although it is possible for an eleventh hour violation to go unpunished, such a circumstance is rare "given the ease with which the statute can be satisfied,"
 
 United States v. Janvier
 
 ,
 
 599 F.3d 264
 
 , 268 (2d Cir. 2010), and such is the nature of jurisdictional statutes.
 
 See
 

 Dolan v. United States
 
 ,
 
 560 U.S. 605
 
 , 610,
 
 130 S.Ct. 2533
 
 ,
 
 177 L.Ed.2d 108
 
 (2010) (describing the prohibition of a jurisdictional statute as "absolute"). And in such a
 case, the only disadvantage to the Government occasioned by adhering to § 3583(i) is that the new warrant must stand on its own,
 
 i.e.
 
 , it is a warrant for a violation of law, not a violation of supervised release.
 

 The ease and clarity of the current regime of a defined term of supervised release only makes the decision to permit tolling for fugitivity more troubling, especially considering the difficulties associated with defining a "fugitive" in the supervised release context. Contrary to the Majority's assertion, Maj. Op. at 256, n.4, in the Ninth Circuit, district courts have extended the deadline of supervised release for "merely [ ] failing to comply with the terms of supervised release."
 
 United States v. Ertell
 
 , Case No. 1:11-cr-00278-SAB
 
 2016 WL 7491630
 
 at *3 (E.D. Cal. December 29, 2016) (quoting
 
 U.S. v. Murguia-Oliveros
 
 ,
 
 421 F.3d 951
 
 , 953 (9th Cir. 2005) ). As a result, the clock may stop and start again when, for example, a supervisee fails to immediately notify his supervisor of a change in address, but does so a week later, fails to show up for a drug test, but calls his supervisor two hours after the missed appointment, and misses a required Alcoholics Anonymous meeting, but shows up to the meeting the following week. The best answer to these complex factual questions is found in the certainty of the text of the statute: "as long as a warrant or summons issues before the expiration of the term, an offender who remains a fugitive will still be subject to the court's jurisdiction once located, and his conduct while a fugitive will be considered at sentencing."
 
 Hernandez-Ferrer
 
 , 599 F.3d at 69. Instead, the Majority's judicially created exception to § 3583(i) transforms a "minimal burden,"
 
 Merlino
 
 ,
 
 785 F.3d at 85
 
 , on the Government into an onerous task for the courts, and a complicated regime for the supervisee in attempting to determine the applicable period of tolling, and thus, when his term of supervised release ends.
 

 * * *
 

 The First Circuit correctly noted that, "[i]n the end, this dispute boils down to a matter of statutory construction."
 
 Hernandez-Ferrer
 
 , 599 F.3d at 66. Congress chose not to toll when a person absconds from supervised release, and in the absence of clear congressional intent, the plain language of § 3583(i) should control. Moreover, requiring the Government to fulfill the minimal burden of issuing a warrant before the expiration date is preferable to creating a new amorphous exception to a strictly jurisdictional statute. Thus, I respectfully dissent and would vacate the sentencing order and remand to the District Court for further proceedings.
 
 [3]
 

 Section 3624(e) provides: "A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."
 
 18 U.S.C. § 3624
 
 (e).
 

 Prior case law in the probation context lends further support to the conclusion that Congress intended § 3583(i) 's warrant requirement to govern the extension of a term of supervised release for fugitivity. In
 
 United States v. Martin
 
 , the Tenth Circuit addressed a defendant who absconded from federal supervision for three years, and determined that the period of supervision "tolled from the time the New Jersey court
 
 issued its violator warrant
 
 until the time Martin was returned to federal supervision after release from the Colorado state prison."
 
 786 F.2d 974
 
 , 975 (10th Cir. 1986) (emphasis added). Similarly, in
 
 Nicholas v. United States
 
 , the Ninth Circuit held "the five-year probationary period prescribed by section 3651 was extended by operation of law by the amount of time within the five-year period during which a probationer, in violation of the terms of his probation,
 
 and for whom an arrest warrant has issued
 
 , has voluntarily absented himself from the jurisdiction."
 
 527 F.2d 1160
 
 , 1162 (9th Cir. 1976) (emphasis added). In both cases, and just like under § 3583(i), the issuance of a valid warrant was a prerequisite to the court maintaining jurisdiction for an offender who absconded from supervision.
 

 I can only speculate as to what those proceedings might entail. There would remain the issue of whether the Court would re-sentence Island believing that it had jurisdiction over the violation contained in the June warrant based on the earlier September warrant issued for factually unrelated violations.
 
 See
 
 Maj. Op. at 251. I would conclude that it does not have jurisdiction.
 
 See, e.g.,
 

 United States v. Campbell
 
 ,
 
 883 F.3d 1148
 
 , 1153 (9th Cir. 2018) (concluding an earlier warrant does not provide jurisdiction for factually unrelated violations). Of course, the Court could then consider whether to sentence Island for the violations alleged in the September warrant. It is unclear whether the Court previously did so. The District Court found that Island had committed those violations but stated that it chose "not ... to impose punishment[.]" App. 69. It may have done so knowing it would impose punishment based on the later warrant.