**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1531
_____

UNITED STATES OF AMERICA,

v.

RODNEY LOWMASTER,
                                 Appellant


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 3:11-cr-00022)
District Judge: Honorable Kim R. Gibson
_____

Argued on November 16, 2022
_____

Before: HARDIMAN, PORTER, and FISHER,
*Circuit Judges*.

(Filed: February 24, 2023)

Adam B. Cogan [**Argued**]
218 West Main Street, Suite A
Ligonier, PA 15658
        *Counsel for Appellant*

Cindy K. Chung, United States Attorney
Matthew S. McHale, Assistant United States Attorney [**Argued**]
Laura S. Irwin, Assistant United States Attorney
Office of the United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
            *Counsel for Appellee*

OPINION*
_____

PORTER, *Circuit Judge*.

United States Probation asked the District Court to issue a warrant for Rodney Lowmaster's arrest based on asserted violations of probation. It supplied a stock form of proposed orders, but the Magistrate Judge issued a show-cause order instead of a warrant or summons. Nearly two years later, after Lowmaster's term of probation had expired, the District Court found that he had committed a violation, ordered a delayed revocation, and sentenced him to two years in prison.

18 U.S.C. § 3565(c) allows a district court to revoke a term of probation after it has expired only if a warrant or summons issued before expiration. That did not happen here. The Magistrate Judge's show-cause order was not a warrant. And even if it may have functioned like a summons, show-cause orders and summonses are not identical. Because § 3565(c) is jurisdictional, we cannot overlook the differences. So we will vacate the District Court's orders revoking probation and imposing a sentence because the Court lacked the power to enter them.

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

Appellant Rodney Lowmaster pleaded guilty in 2014 to conspiracy to manufacture and possess with intent to distribute 1,000 or more marijuana plants and was sentenced to a five-year term of probation expiring on October 14, 2019. On October 2 of that year, United States Probation filed a "Petition for Warrant or Show Cause Hearing for Offender Under Supervision" and asserted that Lowmaster had violated the terms of probation by committing new crimes in Pennsylvania, including felony strangulation. App. 43–44. The Petition included a blank form of proposed orders, and Probation asked the Court to check the box for an arrest warrant. The Magistrate Judge received Probation's petition and issued a show-cause order:

App. 44.[1] We will call the above order the "October 3 order" or the "show-cause order." It was docketed with the description "SEALED ORDER." App. 27, Dist. Ct. Dkt. 1161.

---

[1] This form was produced by the Administrative Office of the Courts and has since been revised. As of May 2021, the form includes options for "no action," "the issuance of

Lowmaster appeared before the Magistrate Judge on October 8. Opening the hearing, the Court explained:

> What happens with an alleged violation [of probation] is that you're to come here, either you're arrested and brought here or you respond pursuant to a summons or you appear and get notice through counsel or by advice from the Court.

App. 48. The Court stated that Lowmaster was "appearing here"—rather than being arrested or brought in via a summons—and that the government had not yet shown probable cause to suspect a violation of probation. App. 48–49, 53. After hearing from both parties, the Court observed that Lowmaster's state charges had survived a preliminary hearing in state court and were scheduled for trial, which "would constitute probable cause to send this on to Judge Gibson for a preliminary hearing."[2] App. 53–54. So the Court forwarded the matter to District Judge Gibson with the recommendation that consideration be delayed until the resolution of Lowmaster's state charges.

Lowmaster was convicted of his state offenses on February 5, 2020. On February 11, Probation moved to withdraw the Petition, explaining that the October 3 order was

a warrant," "the issuance of a summons," and "other." Administrative Office of the Courts, Form PROB 12C (May 2021). There is no longer an option for a show-cause order. The title of the form has also changed: it is now called a "Petition for Warrant or Summons for Person Under Supervision." *Id.* Similarly, the Western District has recently used a form that omits the option for a show-cause order. ECF No. 31. When directing "[t]hat a Summons be issued," the Court has attached an order titled "Summons in a Criminal Case" advising the releasee that he has been "SUMMONED to appear" and answer the allegations brought by Probation. *Id.*

[2] Fed. R. Crim. P. 32.1(b)(1)(A) only requires a probable cause hearing for probationers who are in custody for a suspected violation. *See* 3 Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 562 (5th ed. 2022). Lowmaster was not in custody.

not a warrant or a summons and therefore did not support the District Court's continued jurisdiction under § 3565(c). App. 63–64. The District Court denied the motion to withdraw, concluding that the "October 3, 2019, order was a summons under 18 U.S.C. § 3565 because it required Defendant to appear and answer the charges in the petition." App. 6. At a hearing on February 24, 2020, the Court revoked Lowmaster's probation.

On March 18, 2022—after Lowmaster's state convictions were reversed, retried, and reentered—the District Court sentenced him to two years' imprisonment, to run concurrently to his state sentence of 2 to 4 years. App. 3, 129. Lowmaster timely appealed.

## II

The sole issue on appeal is whether the District Court had jurisdiction under 18 U.S.C. § 3565(c). Our review of jurisdictional issues is plenary. *United States v. Sczubelek*, 402 F.3d 175, 178 (3d Cir. 2005). We have jurisdiction over the Court's March 21, 2022 amended judgment order under 28 U.S.C. § 1291, which includes the power to review the Court's pre-final judgment orders, including the February 24, 2020 revocation order. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) ("[A] party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." (internal citations and quotation marks omitted)).

## III

Probation is governed by the Sentencing Reform Act of 1984. That legislation enacted 18 U.S.C. § 3565(c):

The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Section 3565(c) is jurisdictional. It effects a "grant of 'power' to the district court and conditions the existence of that power on a specific and minimally onerous event." *United States v. Merlino*, 785 F.3d 79, 84 (3d Cir. 2015) (holding that 18 U.S.C. § 3583(i), which governs revocation of supervised release, is jurisdictional). "[S]tatutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Id*. at 87 (internal citations and quotation marks omitted). So if there is any difference between the show-cause order issued by the Magistrate and the warrants and summonses required by § 3565(c), we have to vacate the District Court's orders. We cannot construe a gray area in favor of jurisdiction.

The government does not argue that show-cause orders and warrants are one and the same. Instead, it maintains that the show-cause order issued in this case was actually a summons. For starters, this claim ignores that the Magistrate Judge could have checked the box for a summons but decided not to. The government also overlooks that warrants and summonses, but not show-cause orders, have historically been linked in criminal practice. *See, e.g.*, Fed. R. Crim. P. 4(a). Failing to appear pursuant to a summons in a criminal matter triggers an arrest warrant at the government's request. *Id*.[3] Thus, it is

---

[3] Our decision in *United States v. Merlino* cautioned that the Federal Rules of Criminal Procedure are not controlling in the release context. 785 F.3d at 86. Like the

6

common for a court to issue a summons as a less-invasive—but still potent, backed by the threat of arrest—alternative to a warrant "when there is no fear that the person will flee." 1 Wright & Miller, Federal Practice & Procedure § 52 (5th ed. 2022); *see also* Neil Cohen, The Law of Probation and Parole § 23.11 (2d ed. 1999).

Show-cause orders are a different animal. They are flexible, and judges can issue them sua sponte for almost any purpose. *See, e.g.*, *Winn v. Lynn*, 941 F.2d 236, 239 (3d Cir. 1991) ("[T]he court *sua sponte* issued an order requiring the appellants to show cause why the underlying action . . . should not be dismissed."); *LaSalle Nat'l. Bank v. First Conn. Holding Grp., LLC.*, 287 F.3d 279, 286 (3d Cir. 2002) ("The court also *sua sponte* issued an Order to Show Cause why sanctions should not be imposed. . . ."). Critically, a probationer's failure to appear pursuant to a show-cause order—while unadvisable and obviously serious—does not trigger arrest at the government's request. *Cf.* Fed. R. Crim. P. 4(a).

It is true, of course, that summonses and show-cause orders may function similarly, or even identically, in many instances. But in the jurisdictional context, "functional equivalence" is not enough. When Congress lays out a process for extending

---

*Merlino* panel, we consult the Rules as evidence of historical meaning and usage. *Id.* And we note that Rule 4(a) requires a showing of probable cause before a summons (or warrant) can issue. We need not decide whether this requirement applies in revocation-of-probation proceedings. The Ninth Circuit has held that it does, leaning on the traditional link between warrants and criminal summonses. *United States v. Pocklington*, 792 F.3d 1036, 1040 (9th Cir. 2015).

jurisdiction, that process must be followed exactly. Indeed, we heard a functional equivalence argument in *Merlino* and rejected it. 785 F.3d at 87.

We're bound to do the same here. The Magistrate Judge issued a show-cause order instead of a warrant or summons. Probation quickly and correctly recognized the significance of this choice under § 3565(c): the District Court's jurisdiction lapsed because neither a warrant nor a summons issued in time.

IV

The October 3 order was not a summons, so it did not extend the District Court's jurisdiction under 18 U.S.C. § 3565(c). We will vacate the District Court's February 24, 2020 order revoking Rodney Lowmaster's probation and its March 21, 2022 amended judgment order sentencing him to 24 months' imprisonment.