United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 11, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 03-21034

————————

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

JAKE ANTHONY ENGLISH

Defendant-Appellant,

Appeal from the United States District Court
for the Southern District of Texas

Before BARKSDALE, GARZA, and DeMOSS Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Jake Anthony English, who was previously convicted of possession of stolen mail and forgery, appeals the district court's order revoking his supervised release. Specifically, he argues that: 1) the district court did not have jurisdiction to revoke because it was based on an invalid arrest warrant; 2) the warrant did not permit the district court to take into consideration conduct that occurred after the expiration of English's supervised release term; and 3) the district court's written judgment regarding restitution conflicts with the oral pronouncement of his sentence.

I

English was convicted of possession of stolen mail and forgery of a United States Treasury

Check. He was sentenced to two concurrent thirty-month terms of incarceration and two concurrent three-year terms of supervised release. He was also ordered to pay $605 in restitution. After English served his period of incarceration, he began his three year supervised release term on July 23, 1999.

On May 3, 2002, the government filed a petition for "warrant or summons for offender under supervision" alleging that English had violated the terms of his supervised release by failing repeatedly to report to the probation office, to participate in a drug/alcohol treatment program, to pay restitution, and to heed a probation officer's order to report to the probation office. Four days later, the district court ordered a warrant to be issued to arrest Jake Anthony English. On May 9, 2002, an arrest warrant was issued in English's case for violations of the conditions of supervised release.

The warrant was filed in case number CR-H-02-00162-001, "United States v. Jake Anthony English." The top of the warrant included the correct caption. However, the body of the warrant prepared by the deputy clerk of the court erroneously commanded the United States Marshall "to arrest Stacie Delaine Matthews" and "to bring her or him forthwith to the nearest magistrate to answer a . . . Probation Violation Petition." The warrant was never executed.

On July 31, 2002, English was arrested for several state-law violations. On that date, an amended petition for warrant or summons for offender under supervision was filed alleging state-law violations as an additional basis for the revocation of supervised release. The petition was granted and a warrant was issued for English's arrest. The second arrest warrant identified English as the person to be arrested.

English challenged the district court's jurisdiction to revoke his supervised release, by arguing that the May 9, 2002 arrest warrant was invalid because it had named the wrong person. English also asserted that the alleged July 31, 2002, state-law violations could not serve as a basis for revocation

2

because they occurred after the expiration of the three-year period of supervised release. The district court rejected these arguments. The district court found that each of the alleged supervised release violations were true. The district court revoked English's supervised release, sentenced him to twenty-four months in confinement, and ordered him to participate in an intensive 500-hour drug treatment program. The district court also ordered English to pay the remaining $140 from the initial order of restitution. The district court noted that the violations that were initially alleged justified the revocation on their own.

## II

We review the district court's jurisdiction to revoke a defendant's supervised release *de novo*. *United States v. Naranjo*, 259 F.3d 379, 381 (5th Cir. 2001). Under 18 U.S.C. § 3583(i) "[t]he power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration, if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." *See Naranjo*, 259 F.3d at 383.

English argues that the warrant is defective because it does not comply with the requirements set out by the Fourth Amendment. The warrant clause of the Fourth Amendment requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . persons or things to be seized." U.S. Const. amend. IV. This requirement is codified in Rule 4 of the Federal Rules of Criminal Procedure which states that a warrant must "contain the defendant's name, or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty." FED. R. CRIM. P. 4(b)(1)(A). In support of his argument, English cites

3

to cases where the court has held that a defective warrant is insufficient to effectuate a government arrest. *See, e.g., West v. Cabell*, 153 U.S. 78 (1894) (holding that defendant's constitutional rights were violated when he was arrested with a warrant that named another individual); *Powe v. City of Chi.*, 664 F.2d 639, 645 (7th Cir. 1981) ("[A]n arrest warrant that incorrectly names the person to be arrested will usually be deemed insufficient to meet the fourth amendment's particularity requirement unless it includes some other description of the intended arrestee that is sufficient to identify him.").

English's reliance on these cases, however, is misguided. The issue before us is not whether the warrant was sufficient to arrest English. Our focus here is in determining whether the warrant, with the erroneous name, is sufficient to extend the time period in order to allow the district court to order imprisonment after the term of supervised release expired.

Section 3538(i) is a tolling provision. *See Naranjo*, 259 F.3d at 383; *United States v. Okoko*, 365 F.3d 962, 964-65 (11th Cir. 2004). The "tolling of limitations is grounded in [the principles of] equity." *Glover v. Johnson*, 831 F.2d 99, 101 (5th Cir. 1987). Accordingly, equitable tolling is only appropriate in "rare and exceptional circumstances" and turns on the facts and circumstances of a particular case. *Davis v. Johnson*, 158 F.3d 806, 811, (5th Cir. 1998). Thus, for example, the Supreme Court has held that such tolling applies "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Here, in applying similar principles of equity, we note that the petition for the warrant and the order issuing the warrant were correctly drafted, filed, and signed by the district court. These documents correctly identified English as the sole defendant in this case. The warrant also contained

the correct caption and was filed in the proper case. Most importantly, as in *Irwin*, the defective document, along with the petition and the order, were filed before the statutory period had expired. Accordingly, taking the totality of circumstances together, we find that this clerical error by the deputy district clerk was not sufficient to nullify the extension of the limitation period. As we have previously noted, a "[t]echnical error does not automatically invalidate the arrest warrant." *United States v. Benavides*, 854 F.2d 701, 702 (5th Cir. 1988) (holding that an arrest warrant which accidentally omitted the defendant's name in the blank space provided in the body of the form was still valid because his name was "trumpeted in the style of the warrant."); *Cf. United States v. Vargas-Amaya*, 389 F.3d 901 (9th Cir. 2004) (where the warrant was defective for substantive reasons calling into question the veracity and the very foundation for the warrant.).

III

English also contends that even if the warrant was valid, the district court erred by revoking his supervised release based on offenses that occurred after the term had ended. "Where there is an adequate basis for the district court's discretionary action of revoking probation, the reviewing court need not decide a claim of error as to other grounds that had been advanced as a cause of revocation." *See United States v. McCormick*, 54 F.3d 218, 219 n.3 (5th Cir. 1995) (quoting *United States v. Turner*, 741 F.2d 696, 698 (5th Cir. 1984)). Here, the district court explicitly noted that the violations that occurred during the supervised release term were sufficient on their own to warrant revocation. As a result, any reliance by the district court on events that occurred after the period had expired was a harmless error that had no impact on English's "substantial rights." *See* FED R. CRIM. P. 52.

IV

Finally, English argues that the case should be remanded because of a conflict between the written judgment and the oral pronouncement of his sentence. Where there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). Where there is ambiguity between the two sources, "the entire record must be examined to determine the district court's true intent." *Id*. At sentencing, the district court ordered English "to pay the $140 . . . restitution that is due and owing in this case." In the written judgment, the court ordered English to pay $605 in restitution. However, the court noted that the restitution order was "not a new monetary penalty." The court continued, "[t]he original restitution was imposed on March 3, 1995, and has yet to be *fully* satisfied." (emphasis added). Read in this context, the judgment is neither ambiguous nor incorrect and English has failed to show any reason why the sentence should be remanded. *See Martinez*, 250 F.3d at 942.

V

For the above stated reasons, we AFFIRM the district court's judgment.