United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-11343
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WENDELL LYNN MINTS,

Defendant- Appellant.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 7:02-CR-14-ALL)
_____

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Mints appeals (1) his jury conviction under a multi-count indictment for one count

of conspiracy on the grounds of insufficient evidence, and (2) the 41-month sentence

imposed by the district court on the grounds that the court unconstitutionally enhanced

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

his sentence on the basis of facts neither pleaded to nor proved in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). For the following reasons, we affirm the conviction but remand for the limited purpose of consideration by the district court of whether it will impose a different sentence under the now-advisory sentencing guidelines and resentencing is necessary:

1.    A conspiratorial agreement may be implicit, and the jury may infer its existence from circumstantial evidence. United States v. Montgomery, 210 F.3d 446, 449 (5th Cir. 2000). In this case, there is strong circumstantial evidence of an agreement between Mints and Rural Community Insurance Services adjustor, Gracchus Feldman to file false crop loss claims. The two men worked daily in close physical proximity and had a long-term working relationship. See United States v. Brito, 136 F.3d 397, 409 (5th Cir. 1998) ("[A] conspiracy can be inferred from a combination of close relationships or knowing presence and other supporting circumstantial evidence."). Feldman acknowledged that he had never before received a schedule of insurance from any farmer with the appraisals already filled out as the appraisals in this case were. Given their lengthy experience in the agriculture industry, the two men were equally aware that Feldman could not properly inspect and count Mints's crops, alleged to have failed in June or July, in November, when Mints submitted the schedules to Feldman. That Feldman calculated backward from the numbers provided by Mints to

2

arrive at crop counts and that both men signed off on the reverse-engineered and backdated production and appraiser sheets strongly suggests a tacit agreement to bypass proper claim procedures. Further, Feldman testified that it was implied that he and Mints agreed on the course of action to be taken regarding Mints's crop claims. Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that an implicit agreement existed between Mints and Feldman. United States v. Jackson, 313 F.3d 231, 233-34 (5th Cir. 2002).

2.     Because, under a mandatory sentencing guideline regime, the district court applied sentencing enhancements based on judicial fact finding regarding loss amounts and Mint's role in the scheme, Booker error occurred. See United States v. Akpan, 407 F.3d 360, 375 (5th Cir. 2005). Because Mints preserved the Booker error, we review under a harmless error standard. Id. at 376. In its oral pronouncement of sentence, the district court expressly stated that it might consider taking evidence of Mint's good character into consideration as a mitigating factor and impose a different sentence but for the preclusion of such consideration by the mandatory guidelines. However, in an addendum to the written judgment but not during oral pronouncement, the court stated that if the guidelines were determined to be unconstitutional, it would "take into consideration the factors addressed in

3

the Sentencing Guidelines" and would impose the same sentence. Sentencing in a criminal case is governed by Federal Rule of Criminal Procedure 43. Under Rule 43(a)(3), a defendant must be present for sentencing and we have strictly construed this requirement. See United States v. Navarro, 169 F.3d 228, 239 (5th Cir. 1999) (holding under prior version of the rule that sentencing via video conference violated FED. R. CRIM. P. 43). Imposition of an alternative sentence outside of the defendant's presence does not comport with this requirement. Further, where there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. United States v. English, 400 F.3d 273, 276 (5th Cir. 2005). Because the court's oral pronouncement indicated that it would consider imposing a different sentence absent the mandatory nature of the Guidelines and because the inconsistent alternative sentence was not pronounced in Mints's presence in open court, the Government has not met its burden to establish beyond a reasonable doubt that the court would have imposed the same sentence under an advisory guidelines scheme.

3.    Given our disposition of this case, we do not directly address Mint's complaints regarding the district court's loss calculations or adjustment to his sentence based on his role in the offense. See Akpan, 407 F.3d at 377 n.62 (leaving to the discretion of the district court whether to impose

identical adjustments on remand).  We clarify that, post-<u>Booker</u>, a sentencing judge remains entitled to find by a preponderance of the evidence all facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence.  <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir. 2005).  The <u>Booker</u> error here lay in such judicial fact finding under a mandatory guidelines scheme.  <u>Id.</u>

We note that, because the record on appeal does not include the exhibit showing the loss calculations ultimately adopted by the district court, we are unable to make any observation as to the formulaic or mathematical correctness of the court's calculation.  We assume that the court, on remand, will clarify its calculations for the record.  By way of guidance, we do not find problematic the court's inclusion of claims made by Mints (but not paid) under the crop disaster program nor the paid 1999 claims on the specific crops for which Mints contends no evidence of non-planting exists.  The former clearly fall within the definition of intended loss under the Guidelines.  <u>See</u> U.S. SENTENCING GUIDELINES MANUAL § 2F1.1, cmt. (n.8)(b)(1)(A) (1998), as later clarified by § 2B1.1, cmt. (n.3(A)(ii)) (2004).   The latter were contractually forfeited by Mints in the event of fraudulent claims on other 1999 crops and, to the extent such fraudulent claims were proved, the wrongfully paid claims can fairly be

considered part of the loss Mints intended in the overall scheme.

CONVICTION AFFIRMED; REMANDED FOR LIMITED RECONSIDERATION CONSISTENT WITH THIS OPINION.