United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-50556
Summary Calendar

UNITED STATES OF AMERICA,

                                                                Plaintiff-
                              Appellee,

                    versus

WILBUR ALEXANDER RUIZ, also known as Wilbur Ruiz

                                                                Defendant-
                              Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-2766-ALL
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

        Wilbur Alexander Ruiz appeals his conviction and sentence for illegal reentry following

deportation in violation of 8 U.S.C. § 1326.  Ruiz argues that the district court mistakenly believed

that it did not have the authority to sentence him outside the recommended guidelines range if a

downward departure would not have been allowed under the previous mandatory guidelines system.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court  has determined  that this opinion should  not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This assertion is belied by the record. The Government advised the district court of the advisory nature of the Guidelines; the district court indicated that in assessing the sentence, it considered the circumstances of the case and the particular circumstances of Ruiz; and the district court stated in its Statement of Reasons that it considered the Guidelines advisory and that it found no reason "to depart from the sentence called for by application of the [G]uidelines."

Ruiz further argues that, even if the district court understood its authority to sentence him outside the guidelines range, the sentence imposed was unreasonable because it failed to reflect the required factors under 18 U.S.C. § 3553(a). He does not challenge the district court's calculation of his guidelines sentencing range.

Under the discretionary sentencing scheme established by *United States v. Booker*, 543 U.S. 220 (2005), district courts retain the duty to consider the Sentencing Guidelines along with the sentencing factors set forth in § 3553(a). *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). Ruiz's sentence is within the guidelines range and is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 553-55 (5th Cir. 2006). We infer in our reasonableness review that the district court considered the § 3553(a) factors in imposing sentence. *See United States v. Smith*, 440 F.3d 704, 706-07 (5th Cir. 2006); *Alonzo*, 435 F.3d at 554.

Ruiz argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). His constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Ruiz contends that *Almendarez-Torres* was incorrectly decided and that the Supreme Court might overrule *Almendarez-Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-*

*Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Ruiz properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

Finally, Ruiz has filed an unopposed motion to correct the record because he asserts that the transcript of the sentencing hearing contains a typographical error indicating that he was sentenced to 66 months of imprisonment instead of 60 months of imprisonment. *See* FED. R. APP. P. 10. A term of 60 months imprisonment is reflected in the minutes of the sentencing hearing and the written judgment. Ruiz's motion is denied; however, the case is remanded to the district court so that it can, if appropriate, order correction of the transcript. *See* FED. R. CRIM. P. 36. Alternatively, if the oral pronouncement of sentencing is correctly transcribed, the district court should conform the written judgment to the oral pronouncement. *See id.; United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005). Notably, a sentence of 60 or 66 months would be within the guidelines range and thus, either sentence would, for the reasons discussed above, be reasonable.

AFFIRMED; MOTION DENIED; LIMITED REMAND FOR DISTRICT COURT TO ORDER CORRECTION OF SENTENCING TRANSCRIPT OR TO CONFORM WRITTEN JUDGMENT TO ORAL PRONOUNCEMENT OF SENTENCING.