# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-10713
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JEFFREY CLARK VINCENT

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-63-ALL

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jeffrey Clark Vincent pleaded guilty in 1998 to possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). He was sentenced to 36 months' imprisonment and a three-year term of supervised release.

Vincent completed his prison term in 2004 and began serving his term of supervised release. Later, the Government sought to revoke Vincent's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release, alleging he had violated two special conditions of his supervised release: failing to participate in a sex-offender treatment program; and possessing pornographic, sexually oriented, or sexually stimulating materials.

After a hearing, the district court revoked Vincent's supervised release, based on finding he had violated each of the two special conditions. Vincent was sentenced to 10 months' imprisonment, to be followed by a 26-month term of supervised release.

Vincent maintains the district court violated his Fifth Amendment right against self-incrimination by requiring that he participate in a treatment program that included polygraph testing as a condition of his supervised release. Vincent seeks prospective relief from having to comply with the requirement in his future term of supervised release. In the context of probation, our court has rejected the same claim that Vincent raises here, holding: required participation in a treatment program that included polygraph testing as a condition of probation did not violate the Fifth Amendment. United States v. Locke, 482 F.3d 764, 767-68 (5th Cir. 2007).

Vincent also challenges the revocation of his supervised release, claiming one of the conditions he was found to have violated was unconstitutionally vague: the condition prohibiting his possession of "sexually oriented" or "sexually stimulating" materials. A district court may revoke a term of supervised release upon a finding, by a preponderance of the evidence, that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). "Where there is an adequate basis for the district court's discretionary action of revoking probation, the reviewing court need not decide a claim of error as to other grounds that had been advanced as a cause of revocation." United States v. English, 400 F.3d 273, 276 (5th Cir. 2005) (internal quotation marks and citation omitted). As noted, Vincent's supervised release was revoked not only because of his having possessed sexually oriented or stimulating materials but

also because the court found Vincent failed to comply with the requirements of his treatment program. Because Vincent does not challenge this other basis for the revocation, we can affirm the revocation without reaching the merits of Vincent's vagueness claim. See id.

Vincent maintains the sentence imposed upon revocation of his supervised release violates the Sixth Amendment under Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), because the maximum penalty to which he was exposed as a result of the revocation depended upon a fact not found by a jury. Our court rejected this contention in United States v. Hinson, 429 F.3d 114, 118-19 (5th Cir. 2005), holding the principles of Apprendi, as developed in Booker, do not apply to revocations of supervised release. The term of imprisonment and the term of supervised release imposed upon revocation were both lawfully within the applicable statutory maximums. See 18 U.S.C. §§ 2252(a)(4)(B), (b)(2); see also 18 U.S.C. §§ 3583(e)(3), (h); 18 U.S.C. § 3559(a).

AFFIRMED.