# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-60138
Summary Calendar

EK HONG DJIE; YOHANA DEWI MULYANI

Petitioners

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 736 992
BIA No. A77 736 993

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioners Ek Hong Djie and his wife Yohana Dewi Mulyani, natives and citizens of Indonesia, petition this court for review of the Board of Immigration Appeals' (BIA) decision dismissing their appeal of the Immigration Judge's (IJ) denial of the motion to reopen their in absentia removal proceedings. The Petitioners contend that the BIA abused its discretion and erred as a matter of law when it dismissed their appeal. Specifically, they contend that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government failed to establish by clear, unequivocal, and convincing evidence that they were properly notified of the May 8, 2000, hearing and of the consequences of failing to appear at that hearing.

Any alien who fails to appear at a removal proceeding shall be ordered removed in absentia if the Government establishes by clear, unequivocal, and convincing evidence that the alien is removable and that the alien, or the alien's counsel of record, was provided the written notice required by 8 U.S.C. § 1229(a)(1) and (a)(2). 8 U.S.C. § 1229a(b)(5)(A). As the BIA noted, sections 1229(a)(1) and (b)(1) do not require notice in the alien's native language. *See* § 1229(a)(1), (b)(1). They require only that the Notice to Appear and any subsequent hearing notices be served on the alien or the alien's attorney and that these written notices specify, in relevant part, the date, time, and place of the removal hearing and the consequences of failing to appear. *Id.*

A review of the record shows that the Petitioners were afforded the requisite notice. The Petitioners were personally served with written Notices to Appear. The Notices to Appear provided that the date and time of the removal hearing was "to be set," and specifically warned that if the Petitioners failed "to attend the hearing at the time and place designated on [the] notice, or any date and time later directed by the Immigration Court, a removal order may be made by the [IJ] in [their] absence, and [they] may be arrested and detained by the INS." The Petitioners, along with their attorney Carlos Spector, were also personally served with written notice of the May 8, 2000, hearing. The notice specified the new date and time of the hearing and warned that failing to appear at the hearing, absent exceptional circumstances, could result in their arrest and detention or in the entry of an in absentia removal order. Further, although Spector withdrew as the Petitioners' counsel of record prior to the May 8, 2000, hearing, he asserted that both Djie and Mulyani had been notified of the hearing's date and time. The Petitioners' unsworn and self-serving assertions to the contrary are not supported by the record. Therefore, the BIA's

2

determination that the Petitioners failed to demonstrate that they did not receive the requisite notice is supported by substantial evidence, and the record does not compel a contrary conclusion. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

The Petitioners also contend that the Government failed to establish their removability by clear, unequivocal, and convincing evidence. Specifically, they argue that because the IJ did not record the hearings, there was no evidence that they admitted the factual allegations in the Notices to Appear. According to the Petitioners, they could not have admitted these allegations because they did not speak English and were not provided with an Indonesian interpreter. Further, the Petitioners argue that the IJ's assertion that he relied on a single Record of Deportable/Inadmissible Alien form (I-213) was erroneous and not supported by the record. Because these issues were not raised before the BIA, this court lacks jurisdiction to consider them in the instant petition for review. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

Finally, the Petitioners contend that their due process right to a competent translation was violated by the IJ's failure to provide them with an Indonesian interpreter at their removal hearings. This court reviews due process challenges de novo. *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997).

A review of the record shows that Mulyani did not need an interpreter because she could communicate effectively in English. Although it appears that Djie needed an interpreter, aside from his unsworn and self-serving declaration, there is no evidence that an interpreter was not provided at the hearings. Further, although transcripts of the hearings were not included in the administrative record, transcripts are not normally prepared for appeals from denials of motions to reopen in absentia proceedings. BOARD OF IMMIGRATION APPEALS PRACTICE MANUAL 51 (2004). The record does not show that the Petitioners submitted a request for transcription or that they sought to review

the tape recordings. Therefore, the Petitioners have failed to establish a violation of their due process right to a competent translation.

Accordingly, the Petitioners' petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.