# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60511
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2015

Lyle W. Cayce
Clerk

MARIO CHO-AJANEL,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 282 784

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mario Cho-Ajanel petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of his motion to reopen his in absentia removal proceedings and dismissing his appeal. Cho-Ajanel raises two due process claims in his petition for review: (1) the IJ should have reopened the removal hearing because Cho-Ajanel did not receive notice thereof in his native language and (2) the BIA's summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60511

affirmance of the IJ's order, without opinion, deprives this court of a sufficient basis for reviewing the reasonableness of the BIA's action.

This court has previously held that "sections 1229(a)(1) and (b)(1) do not require notice in the alien's native language." *Ek Hong Djie v. Holder*, 310 F. App'x 720, 721 (5th Cir. 2009). Moreover, as Cho-Ajanel correctly concedes, his argument regarding the BIA's summary affirmance procedures is foreclosed in this circuit. *See Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003) (holding that BIA's summary affirmance procedures "do not deprive this court of a basis for judicial review and . . . do not violate due process"). Cho-Ajanel invites this court to revisit *Ek Hong Djie* and *Soadjede*, arguing that those cases fail to appreciate the extent to which the claimed deprivations undermine aliens' established due process rights to notice and judicial review. We decline the invitation. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

The petition for review is DENIED.