# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60556
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2016

Lyle W. Cayce
Clerk

WALTER ERNESTO RAYMUNDO-LIMA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 260 082

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Walter Ernesto Raymundo-Lima, a native citizen of El Salvador, petitions this court to review the denial of his motion to reopen in absentia removal proceedings. Raymundo-Lima argues that the Board of Immigration Appeals (BIA): (1) failed to consider his argument for equitable tolling, (2) erred in determining that he had failed to demonstrate changed conditions in El Salvador, (3) erred in concluding that reopening was not warranted based

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on lack of notice of the removal hearing, and (4) abused its discretion by declining to reopen the proceedings sua sponte.

We conclude that the BIA did not abuse its discretion in denying Raymundo-Lima's motion to reopen. *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). The BIA expressly addressed Raymundo-Lima's argument urging for equitable tolling of the 180-day limitations period for filing a motion to reopen. It agreed with the immigration judge that Raymundo-Lima had not met his burden of showing "exceptional circumstances" that would allow for tolling of the deadline. *See United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005) (recognizing that equitable tolling should only apply in "rare and exceptional circumstances"). To the extent that Raymundo-Lima argues that the BIA failed to follow *Mata v. Lynch*, 135 S. Ct. 2150 (2015), that argument fails because the Supreme Court did not express an opinion on whether immigration statutes permit equitable tolling of the limitations period for filing a motion to reopen. 135 S. Ct. at 2156 n.3.

Raymundo-Lima also failed to meet his burden of proving changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). As the BIA noted, he failed to present "any documentary evidence to establish that conditions in El Salvador ha[d] changed since his scheduled [removal] hearing." All Raymundo-Lima offered were counsel's statements, which were not evidence. With respect to his contention that reopening is warranted based on lack of notice of the removal hearing, Raymundo-Lima refused to give an address to federal agents at the time he was served with his Notice to Appear, and he conceded that he never provided a mailing address to the immigration court. Under these circumstances, written notice of the removal proceedings is not required, and Raymundo-Lima's lack of notice is not a basis for reopening the removal proceedings. *See* 8 U.S.C. § 1229a(b)(5)(B). Raymundo-Lima's

suggestion that the lack of a transcript from the in absentia removal proceedings somehow indicates that no hearing was held is an unexhausted claim because he failed to raise it before the BIA, and, therefore, it is not properly before this court. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001).

To the extent that Raymundo-Lima contends that the BIA's failure to exercise its discretion to reopen the removal proceedings sua sponte violated his right to due process, this court has repeatedly held that "discretionary relief from removal . . . is not a liberty or property right that requires due process protection." *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006). Furthermore, this court lacks jurisdiction over the BIA's decision not to reopen the removal proceedings sua sponte. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004).

Because this court lacks jurisdiction over the BIA's decision not to reopen the removal proceedings sua sponte, Raymundo-Lima's petition is DISMISSED, IN PART, on that basis. The remainder of his petition is DENIED.