# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2020

Lyle W. Cayce
Clerk

No. 19-10667
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMON WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-291-2

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Damon Williams was convicted of conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and sentenced to 95 months of imprisonment. He now appeals, asserting that the district court's oral pronouncement of three years of supervised release conflicts with the written judgment of four years of supervised release. The Government has moved for summary affirmance in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10667

lieu of filing an appellate brief or, alternatively, an extension of time to file a brief.

"[A] defendant has a constitutional right to be present at sentencing." *United States v. Bigelow*, 462 F.3d 378, 380 (5th Cir. 2006) (internal quotation marks and citation omitted); *see* FED. R. CRIM. P. 43(a)(3). "Where there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls." *United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005). Although the district court initially imposed a three year term of supervised release at sentencing, before the sentencing hearing concluded, the court corrected itself and imposed a four-year term of supervised release. Because the written judgment reflects a four-year term of supervised release, there is no conflict between the district court's oral pronouncement and the written judgment. *See Bigelow*, 462 F.3d at 381; *English*, 400 F.3d at 276.

Summary affirmance is not appropriate, and the Government's motion is DENIED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary. The judgment of the district court is AFFIRMED.