# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2023
Lyle W. Cayce
Clerk

No. 21-60662

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRENDA SENSING,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 21-60691

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DENNIS SENSING,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Northern District of Mississippi
USDC Nos. 3:18-CR-154-1, 3:19-CR-40-1

No. 21-60662
c/w No. 21-60691

Before Stewart, Willett, and Oldham, *Circuit Judges*.

Per Curiam:*

Brenda and Dennis Sensing challenge the revocation of their supervised release, arguing that the district court violated a number of their statutory and constitutional rights during three informal "show cause" hearings. But because the Sensings each admitted to at least one violation of their conditions of supervised release at their formal revocation hearing, and because each admitted violation independently justifies the court's revocation decision, any errors during the show-cause hearings were harmless. We therefore AFFIRM.

I

The Sensings both pleaded guilty to conspiring to defraud the United States, *see* 18 U.S.C. § 371, by committing healthcare fraud and by paying and receiving illegal remunerations. Upon conviction, the Western District of Tennessee sentenced them to time served and two years of supervised release. Relevant to this appeal, the Sensings were also ordered to pay $627,267.25 in restitution.

The Sensings' supervised release was transferred to the Northern District of Mississippi. *See* 18 U.S.C. § 3605. There, the U.S. Probation Office filed a report with the district court alleging that both Sensings had violated the conditions of their release. Brenda, for instance, had pleaded guilty to petit larceny, opened new lines of credit without approval, and failed to notify her probation officer about her receipt and use of student-loan money. And Dennis had opened new lines of credit without prior approval. The Sensings' probation officer recommended that the court hold a "Show Cause Hearing" as a result of these violations. The court agreed and, intermittently over the next year and a half, held three such hearings.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

2

No. 21-60662
c/w No. 21-60691

At the first show-cause hearing, the court verified that the Sensings had, in fact, violated the conditions of supervised release as alleged by the probation officer. The court also focused on the outstanding amount owed in restitution. After questioning the Sensings about their assets and income, the court increased the amount the Sensings were to pay monthly and ordered the Sensings to turn over all the money in their bank account and to sell one of their vehicles. The court also encouraged the Sensings to voluntarily agree to extend their term of supervised release, which they did. At the second and third hearings, the court focused solely on the Sensings' financial situation with an eye toward cutting their expenses, especially their monthly car payments. The court ultimately ordered the Sensings to sell two of their vehicles and to not make any major purchases.

Three weeks after the third hearing, the Sensings' probation officer moved the court to revoke the Sensings' supervised release on the basis of the original alleged violations and, additionally, the Sensings' failure to sell their vehicles as ordered by the court during the show-cause hearings. The court held a formal revocation hearing and appointed counsel, *see* FED. R. CRIM. P. 32.1(b)(2), who argued, among other things, that the district court lacked authority to conduct the show-cause hearings without counsel present or to order the Sensings to sell their vehicles absent a showing that they were behind on their payments. The Sensings admitted, however, that they each had violated at least some conditions of their supervised release.

After hearing the admissions and evidence, the court found that the Sensings had violated the conditions of their supervised release, as well as the court's show-cause orders to sell their vehicles, and it revoked their supervised release on this basis. Upon hearing mitigation evidence, however, the court declined to impose a term of imprisonment and instead sentenced the Sensings to three more years of supervised release.

No. 21-60662
c/w No. 21-60691

The Sensings appealed the revocation, and we granted their motions to consolidate their appeals.

II

"We review for abuse of discretion a decision to revoke supervised release." *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995). "A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated." *Id.*; *see* 18 U.S.C. § 3583(e)(3). We apply the harmless-error rule to revocation judgments, disregarding "[a]ny error, defect, irregularity, or variance that does not affect substantial rights." FED. R. CRIM. P. 52(a); *see United States v. Jimison*, 825 F.3d 260, 262 (5th Cir. 2016); *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010); *United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005). "Where there is an adequate basis for the district court's discretionary action of revoking [supervised release], the reviewing court need not decide a claim of error as to other grounds that had been advanced as a cause for revocation." *English*, 400 F.3d at 276 (quoting *McCormick*, 54 F.3d at 219 n.3).

On appeal, the Sensings raise a number of statutory and constitutional challenges to the district court's show-cause hearings and related orders. But they do not contest that they violated at least some of the conditions of their release, any of which is sufficient to justify revocation. *See* 18 U.S.C. § 3853(e)(3). Therefore, even if there were deficiencies in the show-cause hearings, such errors were harmless with respect to the court's ultimate decision to revoke their supervised release. *See McCormick*, 54 F.3d at 219 (affirming revocation, while rejecting legal challenges to the revocation hearing as harmless, where defendant did not contest that he violated the conditions of his supervised release).

AFFIRMED.